## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Gerald MCDONALD | ) | 3:21-CV-00723 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STAMFORD POLICE DEPARTMENT, | ) | |
| Adriana MOLINA, Jeanie CALCANO | ) | MAY 10, 2022 |
| PEARE, Seth PEARE, & Gladys | ) | |
| CALCANO. | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OF DECISION
### RE: DEFENDANTS' MOTIONS TO DISMISS, ECF Nos. 43 & 54

Kari A. Dooley, United States District Judge:

This action arises out of Plaintiff Gerald McDonald's purported violation of an order of protection and his prosecution thereafter for the same. He brings multiple claims pursuant to 42 U.S.C. § 1983 as well as related state common law causes of action against Adriana Molina, an officer with the Stamford Police Department, the Stamford Police Department (hereinafter the "Stamford PD Defendants"), Jeannie Peare, Seth Peare, and Gladys Calcano (the "Calcano Defendants"). Pending before the Court are two motions to dismiss, one filed by the Stamford PD Defendants and one filed by the Calcano Defendants.

For the reasons set forth below, the motions to dismiss are GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**Legal Standard**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, . . . a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted). However, "[w]here a document is referenced in a complaint, 'the documents control and [the court] need not accept as true the allegations in the . . . complaint.'" *Tongue v. Sanofi*, 816 F.3d 199, 206 n.6 (2d Cir. 2016) (quoting *Rapoport v. Asia Elecs. Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y.2000)).

**Procedural History**

Plaintiff Gerald McDonald filed this complaint on October 29, 2020 in the Northern District of New York.[1] The case was transferred to this district on May 24, 2021. (ECF No. 30.) The Stamford PD Defendants filed a motion to dismiss on July 2, 2021. After counsel for the Calcano Defendants appeared, the Court held a telephonic status conference on July 30, 2021 and

---

[1] The initial Complaint named "Jane Does" and the State of Connecticut as well. Claims against these defendants were dismissed prior to transfer to this District.

stayed the proceedings pending adjudication of the Stamford PD Defendant's motion to dismiss as well as the Calcano Defendant's then anticipated motion to dismiss, which was filed on August 13, 2021.

**Allegations**

In 2011, Defendant, Jeanie Calcano Peare, a person with whom the Plaintiff used to reside, obtained an Order of Protection against the Plaintiff. (Comp. ¶ 1.) Plaintiff was subsequently accused of violating this protective order, and Plaintiff eventually entered an *Alford* Plea to the charge that he violated the order. (Compl. ¶ 2.) At the time of the *Alford* Plea, the order of protection was extended in favor of Jeannie Calcano Peare for an additional 50-years. (*Id.*) That order entered against Plaintiff on January 17, 2012, and a copy of this order was attached to Plaintiff's complaint as Exhibit A.[2] (Comp. ¶¶ 2, 15.) The Order included explicit restrictions on the Plaintiff, including, *inter alia*, a direction to "not contact the protect person in any manner, including by written, electronic or telephone contact" and to "not contact the protected person's home, workplace or others with whom the contact would be likely to cause annoyance or alarm to the protected person." (Ex. A. to Compl.) In 2017, the Order of Protection was extended to include protection for Defendants Seth Peare and Gladys Calcano. (Compl. ¶ 32.)

"Around 2016," Defendants received "2 or 3 mail(s)" addressed to Plaintiff which concerned parking or toll violations relating to a car that Plaintiff had rented. (Comp. ¶ 20.) Plaintiff was later arrested for violating the 50-year protective order on July 4, 2017, after which he was held pending transport to the Superior Court in Stamford. (Comp. ¶ 22.) He was released on bond and defended the charges over the ensuing months, and, ultimately, the prosecutor entered

---

[2] However, Exhibit A is almost illegible. Exhibit C, also attached to the Complaint, is a protective order dated July 20, 2017, and this later protective order includes a typed copy of the 2012 order. A legible copy of the 2012 order was also included in Defendant Jeannie Calcono Peare's submission to the Court at ECF No. 26.

a *nolle prosequi* of the charges. (Compl. ¶ 24.) Plaintiff broadly alleges constitutional violations insofar as the statements supporting the Arrest Warrant Application were knowingly false and made with malice. He alleges that Defendants individually or jointly conspired to and did participate in a scheme to harm the Plaintiff by subjecting him to a false arrest and wrongful prosecution.[3] (Compl. ¶¶ 27–40.) The Court will discuss additional allegations and the facts to be gleaned from the various attachments to the Complaint as may be necessary below.

Plaintiff organizes his causes of action into seven claims, each of which the Court presumes is brought against each defendant[4]: (1) A claim for malicious prosecution pursuant to 42 U.S.C. § 1983 and under the Fourth and Fifth[5] Amendment to the United States Constitution; (2) A claim for false arrest, seizure, and imprisonment pursuant to 42 U.S.C. § 1983 and under the Fourth Amendment; (3) A claim for negligence and gross negligence purportedly pursuant to 42 U.S.C. § 1983; (4) A claim for physical pain and suffering under the Fourth Amendment and pursuant to 42 U.S.C. § 1983; (5) A claim for intentional infliction of emotion distress under the Fourth Amendment and pursuant to 42 U.S.C. § 1983; (6) A state law claim for negligence, gross negligence, malicious prosecution, false arrest, false imprisonment, negligent infliction of physical pain and emotional distress and economic damages, intentional infliction of physical pain, emotional distress, and economic damages, and defamation; and (7) A claim for declaratory and

---

[3] Plaintiff attached a copy of the Arrest Warrant Application, as well as other documents related to his 2017 arrest, to his complaint as Exhibit B. In addition to the original protective order (Ex. A), the Application for Arrest Warrant and related documents (Ex. B), and the 2017 protective order (Ex. C), Plaintiff also attached a copy of the Information related to his 2017 arrest as Exhibit D.

[4] The Plaintiff's Complaint is somewhat inscrutable and the Complaint does not specify which of the causes of action are directed against which defendant. But, in Plaintiff's opposition to the Stamford PD Defendants' motion to dismiss, Plaintiff states that his defamation cause of action is only directed at "Defendant Calcano." (Plaintiff, as discussed below, later dropped this cause of action in its entirety.) While Plaintiff's clarification concerning the defamation cause of action invites an inference that at least some of the other claims or causes of action listed in the Complaint are directed at specific defendants, this inference cannot be drawn from the Complaint itself.

[5] Though invoking the Fifth Amendment, the Complaint does not make allegations cognizable as a Fifth Amendment claim. The Court does not discuss this aspect of the Complaint further.

injunctive relief that would either nullify the *Alford* Plea made by the Plaintiff or a finding that the 2017 Order of Protection is null and void. During the briefing on the pending motions to dismiss, Plaintiff withdrew his Seventh Claim seeking declaratory and injunctive relief as well as his state law cause of action for defamation as to all Defendants.[6]

**Discussion**

Five of Plaintiff's six remaining claims are brought pursuant to 42 U.S.C. § 1983, which provides in pertinent part: "Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Accordingly, lawsuits pursuant to § 1983 may only proceed against state actors, whether those actors are government officials acting under the color of state law or private individuals acting as instruments of the state. *See*, *e.g.*, *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). The disposition of Defendants' separate motions to dismiss therefore largely depends on whether the Defendants are state actors such that they are subject to being sued pursuant to § 1983.

### *Stamford Police Department*

"A municipality is subject to suit pursuant to 42 U.S.C. § 1983. . . . A municipal police department, however, is not a municipality nor a 'person' within the meaning of section 1983" and, therefore, is not subject to suit under that section. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164–65 (D. Conn. 2005) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690

---

[6] The Court does not consider these claims further.

(1978) and collecting cases). Claims One, Two, Three, Four, and Five against the Stamford Police Department are therefore DISMISSED with prejudice.

A police department, which again is not a municipality, is likewise not an entity capable of being sued under Connecticut state law. *See Weitz v. Greenwich Police Dep't*, No. CV040200464S, 2005 WL 375302, at *2 (Conn. Super. Ct. Jan. 10, 2005); *see also Luysterborghs v. Pension and Retirement Bd. of City of Milford*, 50 Conn. Supp. 351, 355 (Conn. Super. Ct. 2007) ("The General Statutes do not contain a provision that generally establishes all municipal departments, boards, authorities and commissions as legal entities that operate separately from the municipality itself."); *Alexander v. U.S. Postal Service*, No. 3:19-CV-1295 (VLB), 2020 WL 4735269, at *3 (D. Conn. Aug. 14, 2020) (explaining the interaction between the lack of a police department's capacity to be sued and Fed. R. Civ. P. 17). Consequently, Claim Six, with all of the causes of action therein, against the Stamford Police Department is DISMISSED with prejudice

### *The Calcano Defendants*

#### <u>Section 1983 Claims</u>

The Calcano Defendants are not alleged to be government officials, and the inference to be drawn from the allegations is that Jeannie Calcano Peare is the Plaintiff's former spouse. The Court also infers from the allegations and the attachments to the Complaint that Seth Peare and Gladys Calcano are related to Jeannie Calcano Peare. As such, they are not "state actors" unless the Plaintiff has plausibly alleged that they should be considered state actors under the particular circumstances of this case. *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) ("[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are

nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.").

"In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." *Tancredi*, 316 F.3d at 312 (quoting *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "Conduct that is ostensibly private can be fairly attributed to the state only if there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (further quotations omitted). While there are a range of theories by which a private conduct may be attributed to the state, *see id.*, "mere invocation of state legal procedures" by a private actor does not qualify as conduct attributable to the state. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21 (1982); *see also Gordon v. City of New York*, No. 10-CV-514 (CBA)(LB), 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) (stating that "the mere fact that a private person falsely reported criminal conduct to government officials is insufficient to establish liability as a state actor under § 1983" and collecting cases to the same).

Such is the case here: Plaintiff merely alleges that the Calcano Defendants invoked the state's legal procedures by seeking orders of protection and/or notifying police when they believed that Plaintiff was in violation of those orders. Accordingly, the Calcano Defendants are not plausibly alleged to be state actors, and Claims One, Two, Three, Four, and Five against the Calcano Defendants are DISMISSED with prejudice.

*State Law Claims*

The Calcano Defendants next argue that Plaintiff has failed to state a claim for any of the state law causes of action listed in Claim Six,[7] and further that these claims are time barred by Connecticut's statutes of limitations in any event. The Court agrees.

None of the state law claims state a plausible cause of action largely for reasons set forth in the Calcano Defendants' motion to dismiss. As a factual matter, the Calcano Defendants are alleged, at various times, to have sought Orders of Protection from the Court and to have notified law enforcement that they received certain correspondence which a judge subsequently determined established probable cause to arrest the Plaintiff for violating the order of protection. Plaintiff's negligence claim cannot be sustained because a person protected by a protective order has no legal duty to the person against whom the protective order is issued to refrain from opening or reporting mail sent to her residence, *see Pelletier v. Sordoni/Shanska Const. Co.*, 286 Conn. 563, 578 (2008) (discussing how a duty may arise at law and a duty's relationship to a negligence cause of action); nor does Plaintiff's state law malicious prosecution claim adequately allege either that these Defendants acted with malice or that these Defendants pressured a public official into initiating public proceedings, *see Bhatia v. Debek*, 287 Conn. 397, 405–07 (2008) (discussing the elements of a malicious prosecution action); Plaintiff's false arrest claims fail because Plaintiff was arrested pursuant to a warrant, signed by a judge upon a finding of probable cause, *see Lo Sacco v. Young*, 20 Conn. App. 6, 20 (1989) (discussing a false arrest cause of action and why a valid warrant is a defense to such a cause of action); Plaintiff's negligent infliction of emotional distress claim is not viable because a protected person who receives mail concerning the subject of a protective order and then reports that mail is not engaged in behavior that would have an unreasonable risk of causing emotional distress, *see Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 446–47 (2003)

---

[7] As noted above, Plaintiff withdrew the cause of action for defamation after receiving Defendants' brief.

(discussing *Montinieri v. Southern New England Telephone Co.*, 175 Conn. 337, 345 (1978) and what constitutes an unreasonable risk of emotional distress); and Plaintiff cannot sustain a claim for intentional infliction of emotional distress because these Defendants' alleged conduct is not sufficiently outrageous as a matter of law, *see Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210–11 (2000) (discussing what constitutes outrageous conduct as a matter of law).[8] Simply put, Plaintiff's effort to allege these state law causes of action fails as a matter of law as well as for factual insufficiency. To the extent Plaintiff, in his opposition memorandum, seeks the opportunity to amend the complaint, the request is denied. Plaintiff provides no indication that he could allege additional facts capable of supporting his state law causes of action. Indeed, he offers the same legal conclusions in his opposition memorandum as he offers in his Complaint—legal conclusions which the Court need not accept as true. Any attempt to amend the complaint would therefore be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment would also be futile because Plaintiff's claims are time barred. Plaintiff's causes of action for negligence, gross negligence, and negligent infliction emotional distress and economic damages carry a two-year statute of limitations and three-year statute of repose. *See* Conn. Gen. Stat. § 52-584 ("No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of"); *see also Wojtkiewicz v. Middlesex Hosp.*, 141 Conn. App. 282, 286–87 (Conn. App. Ct. 2013) (explaining the application of Conn. Gen. Stat. § 52-584 and noting that the statute is a statute of repose), *cert.*

---

[8] The Court also agrees with the Calcano Defendants that the torts of "negligent infliction of physical pain" and "intentional infliction of physical pain" are not recognized causes of action under Connecticut law.

*denied* 308 Conn. 949 (2013). Plaintiff's causes of action for state law malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress, and economic damages are subject to a three-year statute of limitations. *See* Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."); *see also Sanborn v. Greenwald*, 39 Conn. App. 289, 302 (Conn. App. Ct. 1995) ("Section 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues.") (quotations omitted). Notably, the statute of limitations for a Connecticut state law cause of action for malicious prosecution begins to run at the outset of the prosecution. *See Gojcaj v. City of Danbury*, No. 3:14-cv-01739 (MPS), 2016 WL 67688, at *5–*6 (D. Conn. Jan. 5, 2016).

Here, each of Plaintiff's alleged state law causes of action arose, **at the latest**, on the date of his arrest, July 4, 2017, which unquestionably transpired more than three years before the institution of this federal action. The arrest is both the occurrence at issue and the time at which Plaintiff discovered some form of actionable harm. In his opposition memorandum, Plaintiff asserts that he did not have knowledge of his injuries until October 2018, when the prosecution concluded and when he received discovery papers "showing the reason for [his] seizure, arrest and imprisonment." Plaintiff also asserts that he did not have a complete and present cause of action until that point. Connecticut law, however, does not require a complete and present cause of action for a statute of limitations to run.[9] For Plaintiff's state law negligence causes of action, which are governed by Conn. Gen. Stat. § 52-584, "[t]he statute [of limitations] begins to run when the plaintiff ***discovers some form of actionable harm***, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories."

---

[9] For this reason, Plaintiff citation to *Rawlings v. Ray* is inapposite: Therein, the Supreme Court applied Arkansas law, which controlled the issue before the Court. 312 U.S. 96, 98 (1941).

*Wojtkiewicz*, 141 Conn. App. at 286–87 (emphasis added). In this case, Plaintiff had knowledge of some form actionable harm when he was arrested on July 4, 2017, which is when he would have been put on notice that he was the subject of the allegedly ill-gotten warrant.[10] As to his intentional tort claims, these too spring from his July 4, 2017 arrest, and they are barred by Conn. Gen. Stat. § 52-577, which does not consider when Plaintiff learned of his cause of action but only considers when the tortious act occurred.[11]

Claim Six against the Calcano Defendants is DISMISSED with prejudice.

### *Defendant Adriana Molina*

#### <u>*Malicious Prosecution & False Arrest Claims*</u>

The parties do not dispute that Defendant Molina was, at all times relevant to the Complaint, an officer with the Stamford Police Department and a government actor for purposes of § 1983. Instead, Defendant Molina argues that Plaintiff cannot state a claim pursuant to § 1983 for malicious prosecution, false imprisonment, or false arrest because she had probable cause to arrest the Plaintiff and the Plaintiff has not plausibly alleged otherwise. The Court agrees that Plaintiff has not, and indeed cannot, plead a plausible claim for false arrest, false imprisonment, or malicious prosecution.

"To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and

---

[10] Plaintiff's argument that he did not know of the wrong he suffered until October 2018 is not supported by allegations in the Complaint. And even if police officers failed to inform him as to the charges against him during his arrest on July 4, 2017, the Complaint does allege that Plaintiff was arraigned two weeks after this arrest. (Compl. ¶ 23.) At that proceeding, Plaintiff would have certainly been put on notice as to the charges against him—i.e., the reason for his arrest—and would have at that point suffered any injury resulting from Defendants' negligence. The Information relevant to Plaintiff's arrest, which indicates the arrest warrant was returned on July 19, 2017, also supports the Court's decision not to credit Plaintiff's allegation that he did not know of the alleged harm perpetrated against him until October 2018 as the Information clarifies when the Plaintiff first appeared in court concerning his arrest. (*See* Ex. D to the Compl.) In other words, Plaintiff's claim that he did not discover some form of actionable harm until October 2018 is belied by the allegations in the Complaint and the exhibits attached thereto. *See Tongue*, 816 F.3d at 206 n.6.
[11] Plaintiff makes no tolling argument.

satisfy the state law elements of the underlying claims." *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 111 (D. Conn. 2019) (quotations omitted). Under Connecticut law, prevailing on either a malicious prosecution claim or a false arrest claim requires demonstrating that the defendant acted without probable cause. *See McHale v. W.B.S. Corp.*, 187 Conn. 445, 447 (1982) (malicious prosecution); *Marchand v. Simonson*, 16 F. Supp. 3d 97, 109 (D. Conn. 2014) (false arrest). Therefore, "[t]he existence of probable cause is a complete defense to claims of false arrest and malicious prosecution under both federal and Connecticut law." *Chase*, 360 F. Supp. 3d at 112 (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008); *Walczyk v. Rio*, 496 F.3d 139, 152 n. 14 (2d Cir. 2007); *Johnson v. Ford*, 496 F.Supp.2d 209, 213 (D. Conn. 2007)). While probable cause is presumed as a matter of law when an arrest is made pursuant to a warrant issued by a neutral magistrate, "[a] plaintiff may overcome this presumption by showing that 'the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit' or omitted material information, and that such false or omitted information was 'necessary to the finding of probable cause.'" *Id.* at 112–13 (quoting *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993)) (further quotations citations omitted).

Here, the Plaintiff has not plausibly alleged that Defendant Molina prosecuted or arrested him without probable cause because he has not identified any statements in her affidavit in support of the Application for Arrest Warrant as false. Plaintiff merely offers an allegation that Defendant Molina "recklessly made false statements in her affidavit or omitted material information that is clearly critical to the probable cause determination," which is a legal conclusion that the Court need not accept as true. *See Iqbal*, 556 U.S. at 678. The Complaint goes on to state that "[b]y simply reading the Order of Protection (Exhibit A) any objective person or a competent police

officer would agree that Plaintiff did not violate the Order of Protection and that there was no probable cause for arrest or arrest warrant."[12] (Compl. ¶ 29.) The Court also rejects this legal conclusion, and the Court further observes that Plaintiff does not make *any* allegations that dispute the underlying factual information in the Application for Arrest Warrant submitted by Defendant Molina and attached by the Plaintiff to the Complaint in Exhibit B. To the contrary, Plaintiff's allegations are entirely consistent with the affidavit. He admits that mail addressed to himself was sent to the protected persons' residence and that he was subject to the protective order that prevented him from contacting the protected person's "home, workplace, or others with whom the contact would be likely to cause annoyance or alarm to the protected person." (*See* Compl. ¶¶ 15, 20.) And Defendant Molina's Affidavit revealed, and Plaintiff does not dispute, that the Plaintiff was still using the protected person's address when renting cars **which caused the mail in question** to be sent to her home. In sum, a judge of the Superior Court issued a warrant for Plaintiff's arrest and Plaintiff has not overcome the resulting presumption that his arrest was supported by probable cause.[13] As discussed above, this is a complete defense to the false arrest and malicious prosecution claims.

Claims One and Two against Defendant Molina are DISMISSED with prejudice. *See Betts v. Shearman*, 751 F.3d 78, 82–83 (2d Cir. 2014) (affirming a district court's Rule 12(b)(6) dismissal of false arrest, false imprisonment, and malicious prosecution claims with prejudice).

### *Remaining § 1983 Claims*

---

[12] Plaintiff also directs an aspersion at Defendant Molina's race, alleging that she shares "Hispanic heritage" with others involved in the alleged wrongdoings. (Compl. ¶ 30.) This insidious allegation does not give rise to any inference of wrongdoing on Defendant Molina's part.

[13] "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir.2008) (internal quotation marks and alterations omitted).

Plaintiff brings three other claims pursuant to § 1983: Claim Three for "Negligence and Gross Negligence;" Claim Four for "Physical Pain and Suffering" under the Fourth Amendment; and Claim Five for "Intentional Infliction of Ongoing Emotional Distress" under the Fourth Amendment. None of these claims are cognizable under the cited authority. Claim Three does not allege any "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" at all. *See* 42 U.S.C. § 1983. And although Claims Four and Five purport to invoke the Fourth Amendment, this amendment does not protect against physical pain and suffering or emotional distress.[14] Rather, it secures the right of the people to be protected against "unreasonable searches and seizures." Accordingly, Claims Three, Four and Five against Defendant Molina are DISMISSED with prejudice.

### *State Law Claims*[15]

 Defendant Molina asserts that Plaintiff's state law causes of action fail to state a claim, are time barred, and, as to the negligence and negligent infliction of emotional distress cause of action, are precluded by governmental immunity. The Court agrees. Plaintiff's negligence and negligent infliction of emotional distress claims cannot be sustained because Defendant Molina was, at the time relevant to the complaint, a municipal officer entitled to statutory immunity for her discretionary actions, *see Ventura v. Town of East Haven*, 330 Conn. 613, 630–31 (2019) ("[A]s a

---

[14] The Complaint is also devoid of allegations that would permit the Court to broadly construe these claims as ones for excessive force. *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (discussion excessive force claims in the Fourth Amendment context).

[15] Although no party briefed the issue, the Complaint invoked only this Court's supplemental jurisdiction with respect to his state law claims. The Court observes that, having dismissed all of Plaintiff's federal claims, it had the discretion to *sua sponte* decline to entertain Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c); *see also Smith v. Da Ros*, 777 F. Supp. 2d 340, 366 (D. Conn. 2011) ("A court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction."); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 84 (2d Cir. 2018) (noting, in dicta, that "an opportunity to be heard on whether to exercise supplemental jurisdiction may be inherent in the course of pre-trial proceedings such as those resolving motions to dismiss or for summary judgment"). The Court does not see any compelling reason to abstain from deciding these remaining state law claims on the merits.

general rule, municipal police officers are protected by discretionary act immunity when they perform the typical functions of a police officer.") (alterations and quotations in *Ventura* omitted); Plaintiff's state law malicious prosecution, false imprisonment, and false arrest claims fail for the same reasons that his § 1983 claims fail, *see McHale v. W.B.S. Corp.*, 187 Conn. 445, 447 (1982) (malicious prosecution); *Marchand v. Simonson*, 16 F. Supp. 3d 97, 109 (D. Conn. 2014) (false arrest); and Plaintiff cannot sustain a claim for intentional infliction of emotional distress because these Defendants' alleged conduct is not sufficiently outrageous as a matter of law, *see Gojcaj v. City of Danbury*, No. 3:14-cv-01739 (MPS), 2016 WL 67688, at *9–*10 (D. Conn. Jan. 5, 2016) (citing *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 2010–11 (2000) and discussing an intentional infliction of emotional distress claim made against a police detective).[16] Further, even if these claims were adequately plead, they are time barred for the same reasons that they are time barred as against the Calcano Defendants. *See* Conn. Gen. Stat. §§ 52-584 & 52-577.

Plaintiff's state law causes of action in Claim Six against Defendant Molina are DISMISSED with prejudice.

**Conclusion**

For the forgoing reasons, the Complaint is DISMISSED with prejudice and the Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of May 2022.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[16] The Court again notes that the torts of "negligent infliction of physical pain" and "intentional infliction of physical pain" are not causes of action recognized under Connecticut law.